

**NEW YORK**
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**BY ECF/EMAIL:**
Honorable Mary Kay Vyskocil
United States District Court for
The Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Email: VyskocilNYSDChambers@nysd.uscourts.gov

**Joe Johnson**
Partner | Attorney at Law
joe.johnson@zeilerfloydzad.com
mobile: +1 917 375 9511
landline:+1 332 213 0670

**Eva-Maria Mayer**
Associate | Attorney at Law
eva.mayer@zeilerfloydzad.com
mobile: +1 617 943 7957
landline:+1 332 213 0670

February 18, 2022
Case No. US287

**RE: MSC Mediterranean Shipping Company S.A., v. Baltic Auto Shipping, Inc. et al. [21-cv-7660 (MKV)]**

Dear Judge Vyskocil,

We represent MSC Mediterranean Shipping Company S.A. ("MSC"), plaintiff in the above referenced action (the "Action"). Pursuant to your Honor's Scheduling Order dated January 25, 2022 (Dkt. 28) and your Individual Rules of Practice in Civil Cases Section 3(C) we hereby submit a joint letter and Proposed Case Management Plan with Defendant Trips Logistics Corp ("Trips").

We note that counsel for MSC initially circulated an earlier version of this letter as well as the proposed case management schedule to Defendant Fathi Mohamed Abdusalam Aldukali on January 14, 2022, requesting input and/or consent. A reminder was sent on January 20, 2022. Mr. Aldukali never responded. Your Honor issued a Scheduling Order on January 25th (Dkt. 28) adjourning the conference to February 25th and ordering a revised joint letter and Proposed Case Management Plan to be submitted with the input of all parties. Accordingly, on January 26th we advised Mr. Aldukali of this fact via email. On February 11th, we emailed a revised joint letter and Proposed Case Management Plan and sought input from Mr. Aldukali. On February 17th, we again emailed Mr. Aldukali a reminder, seeking input and/or consent, and advising that we would file the within letter and propose plan today at 3pm. Mr. Aldukali never responded. Notably, on February 14th, Mr.

Zeiler Floyd Zadkovich (US) LLP
215 Park Avenue South, 11th floor, New York, NY, 10003 USA

Zeiler Floyd Zadkovich (US) LLP is a limited liability partnership established in the State of New York, advising only on laws of the United States of America. Zeiler Floyd Zadkovich (US) LLP is a member firm of Zeiler Floyd Zadkovich (a Swiss Verein). Each member of the Swiss Verein is separately insured and practices law independently of other member firms. The Swiss Verein does not provide any legal services.

**ONE GLOBAL TEAM.**
FOCUSED ON WHAT YOU DO.

**zeilerfloydzad.com**



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

Aldukali registered with ECF his pro se consent to receive electronic service at the same email address we have been using. (Dkt. 29.) He has simply stopped communicating. MSC and Trips state as follows:

1. **A brief statement of the nature of the case, the principal claims and defenses, and the major and factual issues that are most important to resolving the case.**

This Action concerns claims for fraud, breach of maritime contracts and indemnity against the defendants. These allegations arise out of the failure to declare shipped personal effects on the relevant bill of lading, and then Mr. Aldukali suing in Libya for the purported loss of those personal effects in violation of the relevant forum selection clause contained in the terms and conditions of the bills of lading.

Two containers were delivered to MSC for transportation to their respective destinations. Upon information and belief, Baltic Auto Shipping, Inc. packed ("stuffed") the two containers. MSC bore no liability at this pre-shipment stage. Mr. Aldukali's container contained three motor vehicles and was intended for Libya. Upon information and belief, as came to light at a later date, Mr. Aldukali also stuffed the flatbed of one vehicle with unclaimed personal effects. None of these personal items were declared to be listed on the MSC bill of lading for shipment from Savannah, Georgia to Libya. MSC properly performed its obligations. However, due to the improper stuffing, Mr. Aldukali's vehicles were shipped to Lithuania instead of Libya.

The vehicles were ultimately reloaded in Lithuania and shipped to their intended destination in Libya. It was during the preparation of this shipment that Mr. Aldukali requested to amend the cargo manifest and add his personal items.

MSC's terms and conditions of the relevant bill of lading contains a forum selection clause for the District Court of the Southern District of New York. Mr. Aldukali breached this contractual obligation, and with it the $500 package limitation of the Carriage of Goods by Sea Act ("COGSA") was not applied, when he commenced an action in Libya against MSC. Section 4(5).

In the Libyan action Mr. Aldukali claimed damages for the three vehicles, which Mr. Aldukali alleged had a total value of USD 33,900. Mr. Aldukali further claimed damages for the alleged destruction of personal items (including books, gifts, furniture, and a sewing machine) in the

ONE GLOBAL TEAM.
FOCUSED ON WHAT YOU DO.

zeilerfloydzad.com



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

amount of 1,511,300.[1] Mr. Aldukali obtained a judgment in the amount of USD 1,573,200 in his favor (the "Libyan Judgment"). The Libyan Judgment is currently on appeal (the "Libyan Appeal"). It should also be noted that Mr. Aldukali brought a claim for moral damages in the amount of USD 2,500,000 for which he was subsequently awarded USD 12,000. Mr. Aldukali has appealed this decision, which remains pending as well.

MSC's principal claims are:

- Fraud against Defendant Aldukali
- Breach of maritime contract against all Defendants
- Indemnification in contract against all Defendants
- Indemnification under Carriage of Goods by Sea Act against Baltic Auto Shipping, Inc. and Trips Logistics Corp.
- Indemnification pursuant to the letter of indemnity against Baltic Auto Shipping, Inc.
- Declaratory judgment against all Defendants

Defenses:

- Mr. Aldukali denies having failed to declare the personal effects or any other wrongdoing. Mr. Aldukali did not raise any affirmative defenses or counterclaims in his answer to the Complaint.

- Trips denies having failed to declare the personal effects or any other wrongdoing. Trips did not raise any affirmative defenses or counterclaims in its answer to the Complaint.

## 2. A brief statement by the plaintiff as to the basis of subject matter jurisdiction and venue.

This is an admiralty and maritime dispute within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Court's jurisdiction pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. §1333. This Court has supplemental jurisdiction over common law claims pursuant to 29 U.S.C. §1367.

---

[1] It should be noted that the invoice listing the alleged value of the vehicles and personal items upon which the Libyan Judgment relies was issued by Mr. Aldukali to himself after the vehicles had already been shipped. MSC disputes the alleged value of the vehicles and personal items.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

Venue of this action is proper pursuant to the terms incorporated in the relevant bills of lading as used for the shipments at issue herein: "[if] the carriage contracted for hereunder was to or from the United States of America […] suit shall be filed exclusively in the United States District Court, for the Southern District of New York and U.S. law shall exclusively apply. […] The Merchant waives any objection to the personal jurisdiction over the Merchant of the above agreed fora." Clause 10.3, Jurisdiction, MSC Terms and Conditions.

    **a.  A brief statement by Trips Logistics Corp. as to the presence or absence of subject matter jurisdiction and venue.**

Trips restates the statement made by Plaintiff in this Paragraph 2 regarding the presence of subject matter jurisdiction and venue.

    **b.  A brief statement by Mr. Aldukali as to the presence or absence of subject matter jurisdiction and venue.**

As noted above, Mr. Aldukali has failed to provide his input to this letter.

**3.  A statement of procedural posture, including**

    **a.  A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the conference;**

Defendant Trips filed a letter requesting a pre-motion conference for its anticipated motion to dismiss (Dkt. 12). Trips later filed an answer (Dkt. 20) thereby rendering the letter request as moot.

On December 22, 2021, Plaintiff jointly with Trips requested a stay of these proceedings pending the final determination of the appeal pending in Libya (Dkt. 22). Plaintiff and Trips respectfully request that this request be addressed during the January 27, 2022, status conference.

No further motions are currently pending or specifically anticipated by the parties.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

   **b. A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future; and**

Plaintiff has submitted its initial disclosures pursuant to Fed. R. Civ. P. Rule 26. Plaintiff has also served its first requests for production of documents on the Defendants. The parties refer to the draft Case Management Schedule filed herewith.

   **c. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

As required by this Court's Order of November 29, 2021, the parties and counsel for the parties conferred via telephone on December 13, 2021, to discuss the status of the matter to determine whether there would be any possibility for settlement of this matter. It became clear during the conference, which lasted well over an hour, that the parties are currently not in a position to conduct serious settlement discussions and therefore do not request a settlement conference at this juncture.

**4. Any other information the parties believe may assist the Court in resolving the action.**

During the call on December 13, 2021, Mr. Aldukali had initially consented to seeking to stay the proceedings, he has now withdrawn his consent. Mr. Aldukali has also threatened to commence further actions against MSC and Trips. Baltic Auto Shipping, Inc. has failed to appear in the Action.

We thank the Court for its consideration.

Respectfully submitted,

   /s/ Joseph Johnson
Joseph Johnson

**CC via ECF:**

Nadine Najjar – counsel for Trips Logistics Corp.
Mr. Fathi Aldukali – *Pro Se*

**ONE GLOBAL TEAM.**
FOCUSED ON WHAT YOU DO.

**zeilerfloydzad.com**