LAW OFFICES OF
# TIMOTHY D. BARROW

OASIS COMMONS – SUITE 3
148 MAIN STREET
LEBANON, NJ 08833

ADMITTED TO PRACTICE:
NEW JERSEY
PENNSYLVANIA
NEW YORK

TEL. (908) 236-2229
TEL. (646) 613-8434
FAX (908) 236-7866

E-MAIL:
tdbarrow@ocean-law.com
tdbarrow@transport-law.com
tdbarrow@multimodal-law.com

January 20, 2023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/9/2023
```

**By ECF**

Hon. Mary Kay Vyskocil
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    **Pre-Motion Application To Stay Proceedings Until Related MSC Libyan Appeal Is Further Decided**
*MSC Mediterranean Shipping Company v. Baltic Auto Shipping, Inc. et al.*
Docket No.: 21-cv-7660 (MKV)

Dear Judge Vyskocil:

I represent Trips Logistics Corp., one of the defendants in the above-referenced action, and re-submitting Defendant Trips Logistics pre-motion application seeking an Order to Stay this litigation until the related MSC's further Libyan foreign court appeal has been fully and formally decided. Accordingly, my client requests the Court reinstitute a stay of all proceedings in this matter subsequent to the Order filed 12/22/2022 [ECF Document No. 127] that lifted the previous stay for the following reasons.

Many of the circumstances have remained unchanged from the initial pre-motion application filed in support of the stay by the undersigned [*see* ECF Document No. 116].

Hon. Mary Kay Vyskocil
September 13, 2022
Page Two

There remain over 27,000 documents produced by Plaintiff MSC that has yet to be identified and /or associated with specific prior document requests served by Defendant Trips Logistics. This issue remains to be resolved between the parties and is also the subject of a Rule 30 b 6 deposition previously served upon MSC's counsel. However, it remains unclear whether these discovery efforts will even be necessary in light of the MSC Libyan continued appeal and does not justify these extraordinary expenses to ethically impose such costs and fees upon Defendants especially the smaller businesses like Defendant Trips Logistics and other similarly situated Defendants. My ethical concerns remain paramount as to my professional fees and costs to be imposed upon my client going forward while the Libyan proceeding remains under further appeal. The final outcome of such foreign tribunal proceeding will impact our pending case which could result in the dismissal of this S.D.N.Y. action sparing the parties the valuable time and costs in continuing to proceed without final disposition of the Libyan matter.

The legal factors cited in my initial pre-motion application remain in favor of a entering the requested stay. *See* Def. Trips Pre-Motion Letter filed 9-13-2022 at \*3 [ECF Document No. 116]. In light this remains essentially an indemnity action brought by Plaintiff MSC for any final judgment liabilities imposed by the Libyan courts against the Defendants herein; this action is not ripe for judicial consideration of the MSC causes of action.

There are generally two types of ripeness that must be considered: *constitutional ripeness* and *prudential ripeness*. See *Ocean World Lines, Inc. v. Unipac Shipping, Inc.*, 2016 U.S. Dist. LEXIS 139080 \* 6-7 (S.D.N.Y. March 14, 2016). Trips request the Court to focus on *prudential ripeness* that "concerns whether 'the case will be better decided later and [whether] the parties will not have constitutional rights undermined by the delay'". *Id.* \*7 (*citing* Simmonds v. I.N.S., 326 F.3d 351, 357 (2d Cir. 2003)). "It is thus 'a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that later may turn out to be unnecessary ….'". *Id.* This is exactly the objectives sought to support the stay rather than a dismissal.

Furthermore, "[f]or a claim to be prudentially ripe, it must satisfy a two-step inquiry 'requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration'". *Id.* \*8 (*citing New York Civil Liberties Union v. Grandeau*, 528 F. 3d at 131-32 (*quoting Abbott Labs. V. Gardner*, 387 U.S. 136 (1967)). The Southern District Court further explains that "the fitness analysis is concerned

Hon. Mary Kay Vyskocil
September 13, 2022
Page Three

with whether the issues sought to be adjudicated are contingent on future events or may never occur." *Id.* (*internal citations omitted*). While "the hardship prong asks whether the challenged action creates a direct and immediate dilemma to the parties." *Id.* Distinguishing *prudential ripeness* from *constitutional ripeness*, the Court discerns that prudential ripeness context - " the mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." *Id.* \*9 (*internal citation omitted*).

As the parties await the final outcome of the Libyan proceedings involving MSC's continued appeal, the MSC causes of action remain contingent on this future event that may result in a reversal favorable to MSC; thereby, eliminating an need for indemnity in this action. It is also clear as set forth previously herein, the hardship prong is satisfied for all the reasons leading to the first stay which continue to apply in this application resulting in an immediate dilemma to the parties in having to defend an action while incurring continued unreasonable expenses & costs. MSC's position is clearly one of future injury that may never manifest in light of the possibility of a favorable appeal outcome overseas.

For all the reasons set forth herein, Defendant Trips Logistics requests that the stay be entered in this action until the parties have a final and known result in regard to the Libyan proceedings. The Court's attention and consideration of this pre-motion application is most appreciated.

Respectfully submitted,

___s/ Timothy D. Barrow___
Timothy D. Barrow
Attorney for Defendant Trips Logistics Corp.

Application GRANTED IN PART.  No party opposes Defendant Trips Logistics Corp.'s request for a stay, albeit for different reasons.  *See* ECF Nos. 135-39.  This action shall be stayed for 30 days.  By July 10, 2023, the parties shall submit a joint letter detailing the "efforts [that] are being made to obtain a judgment" in Libya.  ECF No. 149 at 3.  While the case is stayed, the parties are encouraged to seek a settlement conference at the earliest opportunity before Magistrate Judge Parker.

In addition, the Transport Defendants' "request . . . to move to dismiss th[is] . . . action under Fed.R.Civ.P. Rule 12(b)(6) for failure to state a claim," ECF No. 151 at 2, is DENIED.  A motion under Rule 12(b) "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  All Transport Defendants responded to the Amended Complaint approximately one year ago.  *See* ECF Nos. 78, 80, 88, 93, 103.

Jennifer H. Rearden, U.S.D.J.
Date: June 9, 2023

SO ORDERED.
*Jennifer H. Rearden*
6/9/2023